IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIBEL VAZQUEZ-ROBLES,

    **Plaintiff**,

             **v.**                      **Civil No**. 12-1600 (FAB)

COMMOLOCO, INC.,

    **Defendant**.

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is the urgent motion for relief of judgment as null and void for lack of personal jurisdiction,[1] (Docket No. 49), and the urgent motion to stay execution of judgment, (Docket No. 50), filed by defendant CommoLoCo, Inc. ("CommoLoCo"). Contending that the Court lacked personal jurisdiction over it on the basis of improper service of process, defendant CommoLoCo submits that the judgment entered on January 28, 2013 is null and void. In her motions in opposition, (Docket Nos. 55 & 56), however, plaintiff Maribel Vazquez-Robles claims that process service was carried out correctly, and that therefore the Court's judgment must stand. For the reasons discussed below, the Court

---

[1] Defendant CommoLoCo requests relief pursuant to Federal Rule of Civil Procedure 60(b)(4), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void . . . ."

Civil No. 12-1600 (FAB)                                                     2

agrees with plaintiff Vazquez and **DENIES** defendant CommoLoCo's motions.

**I.   BACKGROUND**

On July 26, 2012, plaintiff Vazquez filed a complaint against defendant CommoLoCo for disability discrimination and retaliation pursuant to the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964.  (Docket No. 1.)  The Clerk issued a summons on July 27, 2012, (Docket No. 3), and on September 4, 2012, plaintiff Vazquez filed the executed summons, (Docket No. 4 at p. 1).  The proof of service submitted with the executed summons shows that on August 1, 2012 Mrs. Yma Gonzalez-Marrero ("Mrs. Gonzalez"), a process server, delivered the summons and the complaint to "Prentice-Hall Corp. System Puerto Rico, Inc., as Resident Agent by conduct of Kenneth C. Bury as Representative, who is designated by law to accept service of process on behalf of CommoLoCo, Inc."  (Docket No. 4 at p. 2.)  Defendant CommoLoCo failed to appear, answer, or plea.

On September 5, 2012, the Clerk entered default against defendant CommoLoCo, (Docket No. 7), and a default hearing was conducted on January 25 and 28, 2013 before a jury, (Docket Nos. 35 & 36).  The jury rendered a verdict in favor of plaintiff Vazquez for $935,000.00 on January 28, 2013, (Docket No. 39), and the Court entered judgment on that date, (Docket No. 40).  On March 5, 2013, the Court ordered the Clerk to issue a writ of execution addressed

Civil No. 12-1600 (FAB)                                                    3

to the United States Marshal for the District of Puerto Rico, commanding him to execute the judgment from CommoLoCo's assets. (Docket No. 48.)  Eight days later, the Marshal returned the writ of execution as executed as to Banco Popular de Puerto Rico-Legal Requirement Department for $935,000.00.  (Docket No. 53.)

On March 13, 2013, defendant CommoLoCo filed a motion to set aside the judgment as null and void for lack of personal jurisdiction, (Docket No. 49), as well as a motion to stay the execution of the judgment, (Docket No. 50).  Defendant CommoLoCo argues that service of process on it was insufficient as a matter of law because neither Prentice-Hall nor Kenneth C. Bury were defendant CommoLoCo's resident agent or officer, administrative manager, managing or general agent, or any other agent authorized by appointment or law to receive service of process on defendant CommoLoCo's behalf at the time plaintiff Vazquez's complaint was filed.  (Docket No. 49 at p. 4.)  Rather, defendant CommoLoCo contends that CT Corporation System has been its resident agent since April 25, 2011.  Id. at p. 2.

To support its proposition, defendant CommoLoCo submits a statement under penalty of perjury by Brad A. Chapman, Assistant General Counsel of Springleaf Finance, Inc., which is the ultimate parent of CommoLoCo, as well as a copy of the Change of Resident Agent form certified by the Secretary of State of the Commonwealth of Puerto Rico, dated April 25, 2011, which indicates that CT

Corporation System in CommoLoCo's resident agent. (Docket No. 49-1 at p. 2.) Without proper service on the corporation through its correct resident agent, defendant CommoLoCo argues, the subsequent judicial proceedings before this Court are invalid for lack of *in personam* jurisdiction over it. Id. Consequently, defendant CommoLoCo contends that the judgment is null and void, and seeks the return of the funds that were placed in the custody of the Marshal pursuant to the writ of execution. Id. at p. 5.

Plaintiff Vazquez responded on March 18, 2013, submitting an unsworn statement under penalty of perjury by Mrs. Gonzalez. The statement illustrates how Mrs. Gonzalez determined defendant CommoLoCo's resident agent for purposes of serving process on the corporation on August 1, 2012. (Docket No. 55.) Mrs. Gonzalez first searched the Puerto Rico State Department's official website, specifically its "Online Corporation" website, for the resident agent of CommoLoCo, Inc. on July 31, 2012. (Docket No. 55 at p. 3; Docket No. 55-1 at p. 2.) The search result revealed only one resident agent: "Prentice-Hall Corp System Puerto Rico Inc." Id. Mrs. Gonzalez then reviewed CommoLoCo's Annual Report for the year 2011 to confirm Prentice-Hall as the resident agent. She found that on June 13, 2012, in its Annual Report, defendant CommoLoCo had reported only one resident agent: Prentice-Hall Corp. System Puerto Rico, Inc. (Docket No. 55 at p. 4; Docket No. 55-1 at p. 2.) She also placed a telephone call to Fiddler Gonzalez &

Rodriguez ("FGR"), where the Puerto Rico State Department website showed Prentice-Hall to have an address, and confirmed that Prentice-Hall was indeed CommoLoCo's resident agent. (Docket No. 55 at p. 4; Docket No. 55-1 at pp. 2-3.) Mrs. Gonzalez learned through her phone conversation that Prentice-Hall was authorized to receive CommoLoCo summonses and that she would need to serve process through Kenneth C. Bury, who is FGR's General Administrator. (Docket No. 55-1 at p. 3.)

On August 1, 2012, Mrs. Gonzalez visited FGR's offices located at BBVA Tower, 254 Muñoz Rivera Avenue, 6th Floor, San Juan, Puerto Rico—the address listed on the Puerto Rico State Department's website as Prentice-Hall's street and mailing address—and spoke to Mr. Bury. Mr. Bury "specifically confirmed" to Mrs. Gonzalez that "Prentice was CommoLo[C]o's resident agent, and that [she] could serve process thru [sic] him as representative of Prentice." (Docket No. 55-1 at p. 3.) Mrs. Gonzalez then delivered a copy of the complaint and the executed summons to Mr. Bury, and in return she received his business card showing that he is the "General Administrator" of FGR. Id.; Docket No. 55-5.

Plaintiff Vazquez maintains that Prentice-Hall continues to be listed as defendant CommoLoCo's resident agent even today. For purposes of responding to defendant CommoLoCo's recent motions, Mrs. Gonzalez conducted another online search of the Puerto Rico State Department's online corporations website, and found that

Prentice-Hall was still listed as CommoLoCo Inc.'s resident agent as of March 13, 2013.  (Docket No. 55-1 at p. 4.)  Furthermore, after personally visiting the State Department's office and reviewing the public-digital file, Mrs. Gonzalez confirmed that there was no amendment or change to defendant CommoLoCo's resident agent during the time period at issue in this case.  Id.

**II.  DISCUSSION**

    **A.  Standard**

Service of process is the method through which a court may acquire personal jurisdiction over a defendant; without proper service, a court may not exercise power over a party the complaint names as defendant.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("Before . . . a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (internal citation omitted).  Federal Rule of Civil Procedure 4(h)(1) provides for two methods of service to a corporation within a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1)[2] for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized

---

[2] Rule 4(e)(1) states that a defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e).

by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1).

Two relevant sources of Puerto Rico law govern service of process upon a corporation. First, Puerto Rico Rule of Civil Procedure Rule 4.4(e), which closely mirrors Federal Rule 4(h)(1), states that a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or designed by law to receive service of process." Second, the General Corporations Act provides:

> Service of legal process upon any corporation of the Commonwealth shall be made by delivering a copy personally to any officer or director of the corporation in the Commonwealth, or the resident agent of the corporation in the Commonwealth, or by leaving it at the dwelling house or usual place of abode in the Commonwealth of any officer, director or registered agent (if the registered agent be an individual), or at the registered office or other place of business of the corporation in the Commonwealth. If the registered agent be a corporation, service of process upon it as such agent may be made by serving, in the Commonwealth, a copy thereof on the president, vice-president, secretary, assistant secretary or any director of the corporate registered agent.

P.R. Laws Ann. tit. 14, § 3781 (2009).

"A return of service generally serves as *prima facie* evidence that service was validly performed." Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008). A defendant may

Civil No. 12-1600 (FAB)                                                    8

overcome the presumption, however, and the First Circuit Court of Appeals has indicated that an affidavit denying agency, standing alone, may suffice to overcome the presumption of proper service created by the return of service.  Id. at 112.  When a defendant challenges service of process, the burden then shifts to the plaintiff to show that service was sufficient.  Rivera-Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992) ("[O]nce challenged, plaintiffs have the burden of proving proper service.")

   **B.   Analysis**

       The proof of service plaintiff filed with the executed summons and which was signed by Mrs. Gonzalez states, in relevant part, that Mrs. Gonzalez "served the summons on Prentice-Hall Corp System Puerto Rico, Inc. as Resident Agent, by conduct of Kenneth C. Bury as Representative, who is designated by law to accept service of process on behalf of CommoLoCo, Inc."  (Docket No. 4 at p. 2.)  The language of the proof of service seems designed to indicate service of an agent under Fed. R. Civ. P. 4(h)(1) and P.R. R. Civ. P. 4.4(e).

        Whether or not this proof of service qualifies as *prima facie* evidence, defendant CommoLoCo has adduced sufficient rebuttal evidence in its motions to refute a presumption of valid service. See Blair, 522 F.3d at 111-12.  Brad A. Chapman, Assistant General Counsel of Springleaf Finance, Inc., submitted a statement under penalty of perjury that "since April 25, 2011, and at present,

Civil No. 12-1600 (FAB)                                                9

CommoLoCo, Inc.'s resident agent has been CT Corporation System, . . . and not Prentice-Hall and/or Kenneth C. Bury." (Docket No. 49-1 at p. 2.)  He further claims that "[o]n November 4, 2010, by means of a Unanimous Written Consent of The Board of Directors of CommoLoCo, Inc., it was resolved that the registered agent for CommoLoCo, Inc., be changed from Prentice-Hall Corporation System of Puerto Rico, Inc. c/o FGR Corporate Services, Inc. to CT Corporation System." Id. According to Mr. Chapman, "[o]n April 25, 2011, at 11:33 a.m., the Puerto Rico Secretary of State [c]ertified the [c]hange of resident agent from Prentice Hall to CT Corporation System." Id.  "Let it be known that at the time the Complaint in the captioned case was filed and the Summons were [sic] executed, Prentice Hall and/or Kenneth C. Bury were not resident agents, officers, managing agents, administrative managers, general agents, registered agents, or any agent authorized by appointment or designated by law to receive service on process on behalf of CommoLoCo." Id.  Mr. Chapman's statement appears to rebut any presumption that might have arisen from the proof of service executed by Mrs. Gonzalez and filed on September 4, 2012. See Blair, 522 F.3d at 112.  The burden of proving proper service, therefore, shifts to plaintiff Vazquez. See id. (citing Rivera-Lopez, 979 F.2d at 887).

The Court finds, however, that plaintiff Vazquez has met her burden of proving that service of process was sufficient.  In

Civil No. 12-1600 (FAB)                                        10

her opposition, plaintiff Vazquez refutes Mr. Chapman's statements by including a statement by her process server, Mrs. Gonzalez, under penalty of perjury.  Mrs. Gonzalez's representations establish that her method of service–handing a copy of the summons and complaint to Mr. Bury at FGR–was legally sufficient.  When she initially searched the Puerto Rico State Department's website for the resident agent of CommoLoCo, Inc. on July 31, 2012, Mrs. Gonzalez found that the website revealed only one resident agent: "Prentice-Hall Corp System Puerto Rico Inc."  Mrs. Gonzalez confirmed this information by reviewing CommoLoCo's Annual Report for the year 2011, and again found that on June 13, 2012 defendant CommoLoCo had reported only one resident agent: Prentice-Hall Corp. System Puerto Rico, Inc.  Mrs. Gonzalez then followed up via telephone with FGR, where Prentice-Hall was shown to have an address, and confirmed that Prentice-Hall indeed served as CommoLoCo's resident agent and was authorized to receive CommoLoCo summonses through Mr. Bury.  Finally, when she visited FGR's offices on August 1, 2012, Mrs. Gonzalez spoke directly to Mr. Bury, who "specifically confirmed" that "Prentice was CommoLo[C]o's resident agent, and that [Mrs. Gonzalez] could serve process [through] him as representative of Prentice."  (Docket No. 55-1 at p. 3.)

     Furthermore, the Court finds Mrs. Gonzalez's statement credible because convincing evidence exists to support her

Civil No. 12-1600 (FAB)                                                     11

contention that Prentice-Hall is still defendant CommoLoCo's resident agent today.  As of the date of this memorandum and order, the Puerto Rico State Department's corporations website still lists CommoLoCo's resident agent as "Prentice-Hall Corp System Puerto Rico Inc." and provides FGR's mailing and street address, where Mrs. Gonzalez personally served Mr. Bury.  See COMMONWEALTH OF P.R. DEP'T. OF STATE, *Corporation Information: CommoLoCo, Inc.*, https://prcorpfiling.f1hst.com/CorpInfo/CorporationInfo.aspx?c=47099-111 (last visited Mar. 25, 2013).  Mr. Chapman's statement that "since April 25, 2011, and at present, CommoLoCo, Inc.'s resident agent has been CT Corporation System," therefore, is unreliable.

Defendant CommoLoCo understandably seeks to avoid the default judgment of $935,000.00 entered against it, but its grounds for doing so—based on the Court's lack of personal jurisdiction over it—appears to be little more than a grasp at straws and is wholly unconvincing in light of what Mrs. Gonzalez indicates in her statement that she did to confirm CommoLoCo's resident agent.  Mr. Chapman has failed to offer any realistic evidence that Prentice-Hall and/or Mr. Bury were not defendant CommoLoCo's resident agents; given that the Puerto Rico State Department's website still lists Prentice-Hall as CommoLoCo's resident agent today, it can not seriously be argued that Mrs. Gonzalez's service of process on Prentice-Hall through Mr. Bury at FGR was insufficient.  Accordingly, the Court finds that its judgment

Civil No. 12-1600 (FAB)                                                     12

entered January 28, 2013 is not null and void for lack of personal jurisdiction over defendant CommoLoCo, and it declines to set aside the writ of execution of judgment.

### III. CONCLUSION

Because plaintiff Vazquez has met her burden of proving that service of process was sufficient, the Court **DENIES** defendant CommoLoCo's motion to set aside the judgment as null and void for lack of personal jurisdiction, (Docket No. 49), as well as defendant CommoLoCo's motion to stay the execution of judgment, (Docket No. 50).  It directs the United States Marshal to deliver to plaintiff Vazquez the funds and property seized pursuant to the writ of execution forthwith.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 25, 2013.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
United States District Judge
